Ali Abtahi (State Bar No. 224688)
aabtahi@abtahilaw.com
**ABTAHI LAW GROUP PC**
4000 MacArthur Blvd, Suite 600 East Tower
Newport Beach, CA 92660
Tel: (949) 326-5500
Fax: (949) 326-5501

[Additional counsel listed in signature block]

Attorneys for Plaintiff and the Class

Robert J. Herrington (State Bar No. 234417)
HerringtonR@gtlaw.com
Benjamin S. Kurtz (State Bar No. 280515)
KurtzB@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: (310) 586-7700
Fax: (310) 586-7800

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN CHIKOSI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAM'S WEST, INC.; SAM'S EAST, INC.; AND WAL-MART STORES, INC.,<br><br>Defendants. | Case No: 8:15-cv-01675-AG-JCG<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: April 11, 2016<br>Time: 9:00 a.m.<br>Place: Courtroom 10D<br>Judge: Hon. Andrew J. Guilford |

The parties, Morgan Chikosi ("Plaintiff") and Sam's West, Inc., Sam's East, Inc., and Wal-Mart Stores, Inc. ("Defendants"), respectfully submit this Joint Rule 26(f) Report.

## I. PLAINTIFF'S FACTUAL SUMMARY AND PROCEDURAL HISTORY

This case is a putative class action arising from Defendants' alleged failure to comply with their contractual obligations to provide a contractual 200% refund on the return of fresh products, such as fresh meat, seafood, bakery items, and produce ("Fresh Products"). Plaintiff alleges that Sam's Club has failed to comply with the terms of its 200% refund guarantee by only refunding the purchase price of Fresh Product items.

On October 19, 2015, Plaintiff filed this putative class action asserting six claims: (1) breach of contract; (2) violation of the Consumer Legal Remedies Act; (3) violation of the False Advertising Law; (4) violation of the Unfair Competition Law; (5) declaratory relief; and (6) injunctive relief. (Docket No. 1.) On January 20, 2016, Defendants filed a motion to dismiss the Complaint. (Docket No. 22.) On March 7, 2016, the Court issued an order denying Defendants' motion to dismiss. (Docket No. 31.)

## II. DEFENDANTS' FACTUAL AND PROCEDURAL HISTORY

In this putative class action, Plaintiff alleges that Defendants supposedly breached a freshness guarantee, which states that, on certain fresh items, members can receive (a) double their money back on a return, or (b) a refund of the original purchase price plus replacement of the item. Defendants deny that they failed to honor any guarantee and further contend that Plaintiff freely accepted the relief provided without objection. Defendants also contend that this case is inappropriate for class treatment because Plaintiff's claims require the consideration of numerous

individualized issues. On March 21, 2016, Defendants filed an answer denying the substantive allegations of the Complaint.

## III. ADDITIONAL PARTIES

The parties do not presently anticipate that additional parties will appear in this litigation.

## IV. COMPLEXITY OF THE CASE

The underlying case is a putative class action. The parties do not oppose reference to the Manual for Complex Litigation as needed in this litigation.

## V. DISCOVERY PLAN

The parties agree to complete initial disclosures within 30 days of the filing of this Joint 26(f) Report. The parties propose to initially focus discovery on class certification and the named Plaintiff's transactions and claims. The parties will meet and confer and work cooperatively on the scope of discovery and any issues that arise, including with respect to electronically stored information. To the extent discovery calls for the production of confidential and/or proprietary documents, the parties will meet and confer and submit a stipulation and proposed protective order for the Court's review.

## VI. EXPERT WITNESSES

The parties propose that Fed. R. Civ. P. 26(a)(2) disclosures be made at the following deadlines on issues relating to class certification:

Plaintiff's Class Certification Expert Disclosures: December 12, 2016

Defendants' Class Certification Expert Disclosures: January 23, 2017

## VII. MOTION SCHEDULE

The parties agree that any dispositive motions during the class certification phase of the litigation will be due no later than the class certification briefing deadlines. The parties propose the following discovery and class certification schedule:

| | |
|---|---|
| Close of Class Discovery: | February 16, 2017 |
| Motion to Certify Class: | February 27, 2017 |
| Opposition to Cert Motion: | March 27, 2017 |
| Reply on Cert Motion: | April 10, 2017 |
| Private Mediation: | No later than April 30, 2017 |
| Class Certification Hearing: | May 22, 2017 |

### A. Plaintiff's Anticipated Motions

Following class discovery, Plaintiff intends to file a motion for class certification pursuant to Fed. R. Civ. P. 23. Plaintiff contemplates filing a motion for declaratory relief and motion for partial summary judgment (as to the breach of contract claim) concurrently with the motion for class certification.

### B. Defendants' Anticipated Motions

Defendants anticipate filing a motion for summary judgment.

## VIII. SETTLEMENT AND ADR

The parties agree that this case is suitable for private mediation. The parties believe that any settlement discussions would be more meaningful after the completion of discovery pertaining to class certification issues. If not mediated at an earlier date, the parties are agreeable to private mediation after the filing deadline for class certification and summary judgment and prior to a hearing on those issues.

## IX. TRIAL ESTIMATE

The parties cannot provide an accurate trial estimate or trial setting date until the Court rules on anticipated class certification and summary judgment motions. The parties propose that, after the decision on class certification, the Court hold a further status conference to determine what additional discovery may be needed, as well as the scope of trial. At this juncture, however, and for purposes of complying with this Court's initial case management order, the parties provide the following preliminary estimates/dates:

- The parties believe the estimated length of trial in this action will be approximately 1-2 days if no class is certified.
- If a class is certified, Defendants anticipate trial taking approximately 10-14 days, although this may change based the Court's summary judgment and class certification rulings. While Plaintiff agrees that the summary judgment and class certification rulings will shape the length of any trial for a certified class, Plaintiff believes that a class trial can be completed in 5-7 days.

The parties propose that trial in this action commence on February 19, 2018.

Respectfully submitted,

Dated: March 30, 2016 **ABTAHI LAW GROUP PC**

/s/ *Ali Abtahi*
ALI ABTAHI

Ali Abtahi (State Bar No. 224688)
aabtahi@abtahilaw.com
**ABTAHI LAW GROUP PC**
4000 MacArthur Blvd, Suite 600 East Tower
Newport Beach, CA 92660
Tel: (949) 326-5500
Fax: (949) 326-5501

T. Christopher Tuck (*Admitted Pro Hac Vice*)
ctuck@rpwb.com
**RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley, Blvd., Building A
Mt. Pleasant, SC 29464
Tel: (843) 727-6500
Fax: (843) 216-6509

William D. Herlong (*Admitted Pro Hac Vice*)
William@HerlongLaw.com
**THE HERLONG LAW FIRM, LLC**
1421 Augusta Street
P.O. Box 8217
Greenville, SC 29604
Tel: (864) 238-5111
Fax: (888) 501-1278

Attorneys for Plaintiff and the Class

Dated: March 30, 2016

/s/ *Robert J. Herrington*
ROBERT J. HERRINGTON

Robert J. Herrington (State Bar No. 234417)
HerringtonR@gtlaw.com
Benjamin S. Kurtz (State Bar No. 280515)
KurtzB@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: (310) 586-7700
Fax: (310) 586-7800

I, Ali Abtahi, am the CM/ECF user whose ID and password are being used to file this Stipulation. Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that Robert J. Herrington, on whose behalf this filing is jointly submitted, has concurred in this filing.

/s/ *Ali Abtahi*
Ali Abtahi